**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE:

JAMES D JOHNSTON
 and                                                                    CASE NO.: 3:10-bk-10751-PMG
CATHY S JOHNSTON,

                    Debtors.
_____/

**CHAPTER 13 PLAN**

The Debtors submit the following Chapter 13 Plan:

1.  The future earnings of the Debtors are submitted to the supervision and control of the Bankruptcy Court, and the Debtors shall pay to the trustee the sum of **$824.00** per month for months **1 – 5** and **$457.31** per month for months **6-60** for a period of **SIXTY (60)** months.

2.  From the payments so received, the trustee shall make disbursements as follows:

A.  PRIORITY CLAIMS

(1) The fees and expenses of the trustee shall be paid over the life of the Plan as set by the United States Trustee.

(2) The Debtors owe attorney fees to **LAW OFFICES OF CAROL M. GALLOWAY, P.A.** in the amount of **$1,750.00**, which the trustee shall pay at the rate of **$350.00** per month for **months 1-5.**

B.  SECURED CLAIMS

(1) **BANK OF AMERICA**  holds a first mortgage on the Debtors' residence at 9815 Fort Caroline Road, Jacksonville, FL 32225  in the total amount of **$109,601.00.** The Debtors are current in the  monthly  mortgage payment of **$1496.00** (or such other amount as may be required due interest rate changes or escrow changes). The Debtors shall make their payment to the creditor outside the Plan and the Trustee shall make no payments to this creditor.

(2) **WELLS FARGO BANK, NA** holds a secured line of credit on  Debtors' residence at 9815 Fort Caroline Road, Jacksonville, FL 32225  in the total amount of **$24,837.00.** The Debtors are current in their monthly mortgage payment of  **$100.00** (or such other amount as may be required due interest rate changes or escrow changes) during the life of the Plan.  The Debtors shall make their payment to the creditor outside the Plan and the Trustee shall make no payments to this creditor.

(3) **HSBC/POLARIS**  holds a lien on the Debtors' 4 Wheeler   in the amount of **$7272.00.** The Debtors shall surrender their  interest in this collateral and the Trustee shall make no payments to this creditor inside this Plan.

(4)**FORD MOTOR CREDIT CORPORATION**  holds a lien on Debtors' 2005 Ford Escape  in the amount of **$6801.00** which the Trustee shall pay at  the rate of **$131.48** (at 6%) per month over the life of the plan to pay this creditor in full satisfaction of this debt.   If this creditor receives adequate protection payments by Court Order at any amount in excess of the **$131.48** provided in this Plan, then the unsecured creditors and perhaps secured creditors may not receive scheduled distribution payments from the trustee after confirmation of Debtors' Chapter 13 Plan for several months due to the amount paid to this creditor during the interim period prior to confirmation.

(5) **VYSTAR CREDIT UNION**  holds a lien on Debtors' 2007 Chrysler Town and Country Van  in the amount of **$13,784.00** which the Trustee shall pay at the rate of **$260.12** (at 5%) per month over the life of the plan to pay this

1

creditor in full satisfaction of this debt.    If this creditor receives adequate protection payments by Court Order at any amount in excess of the **$260.12** provided in this Plan, then the unsecured creditors and perhaps secured creditors may not receive scheduled distribution payments from the trustee after confirmation of Debtors' Chapter 13 Plan for several months due to the amount paid to this creditor during the interim period prior to confirmation.

C.  <u>UNSECURED CLAIMS</u>.         Unsecured creditors, including those secured creditors who have deficiency claims or whose liens have been avoided, who timely file claims shall receive distribution pro-rata.  The Debtors calculate that the  liquidation  value of their estate would be **$1099.00**, which shall be paid at the rate of **$0.00** for **months 1-5**, and **$19.98** for **months 6-60**.

3.  Any claims filed after the claims bar date as provided in the Notice of Commencement (180 days from date of debtor's filing for governmental units) shall receive no distribution under this plan unless specifically provided for above.

4.  To satisfy the requirements of Section 365 of the Bankruptcy Code, and unless specifically noted elsewhere, the Debtors expressly assume all unexpired leases and executory contracts to which she is a party.

5.  Except as provided for in the Plan, the order confirming the plan or other court order, no interest, late charges, penalties or attorneys' fees will be paid to or assessable by any creditor.  Once the Debtors successfully complete the Plan and a discharge is entered by the Court, no creditor will be allowed to add late charges, penalties, interest or attorneys fees from the beginning of time through the date of discharge.

6.  Any post-petition costs or expenses incurred by or on behalf of any secured creditor will be discharged upon the Debtors' completion of the plan, unless specifically provided for in the Confirmation Order, or by further order of Court on motion filed prior to completion of plan.

7.  Confirmation of this Plan shall impose an affirmative duty on the holders and/or the servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtors to do all of the following:

(a)  To apply the payments received from the trustee on the pre-petition arrearages, if any, only to such arrearages.  For purposes of this plan, the "pre-petition" arrears shall include all sums included in the "allowed" proof of claim and shall have a "0" balance upon the entry of the Discharge Order in this case.

(b)  To deem the pre-petition arrearages as contractually current upon the confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

(c)  To apply the direct post-petition monthly mortgage payments paid by the trustee or by the Debtors to the month in which each payment was designated to be made under the plan or directly by the Debtors, whether or not such payments are immediately applied by the creditor to the outstanding loan balance or are placed into some type of suspense, forebearance or similar account.

8.  Title to all property of the estate shall revest in the Debtors upon the Court signing an Order Discharging the Debtors.

DATED this 18th day of December, 2010.

Law Offices of Carol M. Galloway, P.A.

/s/ Carol M. Galloway

_____
Carol M. Galloway, Attorney for Debtors
FL. Bar I.D. No. 0547301
135 West Adams Street
Jacksonville, FL 32202
904-356-7005
904-356-7099 (fax)
lawofficecgalloway@att.net